RUSSELL, Judge
(concurring in part and dissenting in part).
While I agree with that portion of the majority opinion affirming the trial court’s denial of Blue Cross’s motion for directed verdict on the issue of breach of contract, I must respectfully dissent from the majority’s reversal regarding the insured’s contention of bad faith.
I find nothing in the record, nor in the majority opinion, to warrant a conclusion that this is an action involving an “extraordinary bad faith claim” in which the standard annunciated in National Savings Life Ins. Co. v. Dutton would not apply. Rather, I agree with the trial court’s determination that there existed a factual question as to whether Blue Cross’s designation of the treatment as “experimental” or “investigative” was arbitrary.
In my opinion, Blue Cross’s determination that the use of the MRI for purposes of treating prostate cancer was, at that time, not in accordance with generally accepted standards of medical practice was not arbitrary. Therefore, the grant of a directed verdict in favor of the insured on the breach of contract claim would have been improper. Consequently, as to the contract claim, the trial court properly concluded that sufficient evidence existed to create an issue for the jury’s resolution.
Blue Cross presented evidence to the effect that there was insufficient research regarding the use of the MRI for the purpose of treating prostate cancer. Furthermore, it established that such a determination was based on its own investigation of the process, the opinions of a medical review committee consisting of practicing physicians, and the recommendations of the National Blue Cross and Blue Shield Association.
Consequently, the insured did not satisfy the requirements set forth in Dutton. Therefore, the trial court, in my opinion, properly granted Blue Cross’s motion for directed verdict on the issue of bad faith.